173 So. 393

## PATE v. STATE.

### I Div. 220.

Court of Appeals of Alabama.

Dec. 15, 1936.

Rehearing Denied Jan. 12, 1937.

320

Geo. A. Sossaman, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted for the offense of "embezzlement." It was alleged that he "did while acting as the bailee or agent of Bessie Mae Gale embezzle or fraudulently convert to his own use one Marman Sedan Automobile of the value of Three Hundred ($300.00) Dollars, which said property came into his possession by virtue of said agency or bailment," etc.

So far as we can see, the indictment was not subject to any one of the grounds of the demurrer interposed to it. Code 1928, § 3355(7).

But the State's evidence was at its strongest, to no more than the effect that the automobile in question was turned over to the appellant to be by him sold.

He either sold it, or he did not. If he did, and then failed to account for the proceeds of the sale, he could not be convicted under the indictment for the embezzlement of the automobile. Mitchell v. State, 23 Ala.App. 194, 122 So. 601. If he did not sell it; but, as he claims, still has it, subject to the wishes of the prosecutrix (to so denominate Mrs. Gale, the owner of the said automobile who turned it over to appellant), of course he cannot be convicted for its embezzlement.

True, there was some testimony—patently illegal, or incompetent, as we see it—but unobjected to, and hence in the case—to the effect that appellant took the car in question to Pensacola, Fla., and "mortgaged" it.

Whether this "mortgaging" of the car would, under the circumstances shown to surround same, constitute an "embezzlement" such as that charged in the indictment, we will not now undertake to say. This for the reason that all that is shown in that regard is based on testimony which should not have been allowed, in the form in which it was offered, in the case. And, doubtless, will not be allowed, upon another trial.

It is probably true that the testimony as to this "mortgaging" of the car being in, we would be prevented from saying that appellant was due to have the jury given at his request the general affirmative charge to find in his favor. And there is no pleading authorizing us to decide whether or not the verdict of the jury is supported in the proper way by the evidence.

In fact, the theory by which the State would have us affirm the judgment of conviction is not clear to us; the Attorney

General in his brief filed here dismissing the whole matter upon the theory—mistaken in fact—that the bill of exceptions does not purport to contain all the testimony in the case.

We are, of course, not unmindful of our duty under the provisions of Code 1923, § 3258. But in order to intelligently perform that duty, there are cases such as the instant one where it would be highly proper, if not essential, that we be advised upon what theory the verdict of conviction is sought to be sustained. This much in the event of another trial.

The judgment of conviction is reversed and the cause remanded for the error in allowing the State to bring out—over objection and exception—testimony from Mrs. Gale to the effect that "her husband was sick and her home mortgaged" at the time of the occurrences of which she complains in her testimony. This testimony—as to her husband's sickness and her home being mortgaged—was entirely irrelevant to any issue in the case, and was, we think and hold, highly prejudicial to appellant.

Reversed and remanded.